# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| GENE RICHARD GEHRKE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 13-4135-CV-C-FJG |
| PINNACLE HEALTH GROUP, LLC, | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is defendant's Motion for More Definite Statement and Motion to Dismiss (Doc. # 9) and plaintiff's Motion for Leave to File First Amended Petition (Doc. # 18).

## I. BACKGROUND

On May 22, 2013, plaintiff filed his Petition asserting four causes of action against defendant. The claims were: Count I- For Salary Due; Count II – For Accounting and Reconciliation; Count III – For Damages and Count IV – Fraud. Defendant in its Motion for a More Definite Statement, states that plaintiff's claims "For Salary Due" and for "Damages" are so vague and ambiguous that defendant cannot properly defend against them. Defendant also alleges that plaintiff's claims "For Accounting and Reconciliation" and for "Fraud" fail to state a claim. In response to the Motion for a More Definite Statement, plaintiff filed a Motion for Leave to File First Amended Complaint. Plaintiff states that after reviewing defendant's Motion, plaintiff agrees and concedes that a more definite statement of the causes of action is necessary and an Amended Petition will assist the parties and the Court. Therefore, plaintiff seeks leave to file his First

Amended Petition. In the proposed Amended Petition, plaintiff is no longer asserting separate claims for Accounting and Reconciliation and Damages. The only claims which plaintiff is asserting are: Count I - Violation of Fair Labor Standards Act and Count II - Breach of Contract.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

Fed.R.Civ.P. 12(e) states in part, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. In Industrial Compressor Supplies, LLC v. Compressed Air Parts Co., No. 4:12CV1446JAR, 2013 WL 657225, (E.D.Mo.Feb.22, 2013), the Court stated:

> A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . .However, because of the availability of extensive discovery and liberal notice pleading, motions for more definite statement are generally denied. . . .Further, motions for more definite statement are designed to strike [at] unintelligibility rather than lack of detail in the complaint. . . .A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A complaint must simply give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . .This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define the disputed facts and to dispose of claims lacking merit.

Id. at *2 (internal citations omitted).

## III. DISCUSSION

In response to plaintiff's Amended Petition, defendant states that the remaining two counts are not plead with the specificity required by the federal pleading standards and should be dismissed. The Court will examine each of the two remaining claims.

### A. Fair Labor Standards Act

Defendant states that this count should be dismissed because it remains unclear what exactly plaintiff believes that Pinnacle owes him monetarily. Pinnacle states that plaintiff makes reference to Pinnacle's failure to (a) pay him for his last week of work based upon his agreed-upon salary; (b) provide him with his final pay check for work performed during his final weeks of employment; and (c) provide him with compensation at his established rate for additional services provided during his final weeks of employment. Pinnacle states that without information as to what it owes Plaintiff, it cannot properly prepare its defense to this Count. Alternatively, defendant states that if the Court denies the motion for a more definite statement, plaintiff should not be allowed to amend his Complaint, because he has failed to state a viable claim under the FLSA. Defendant argues that plaintiff has failed to include in his Amended Complaint, the

number of hours he worked for which he was not paid, what he was paid and the amount of unpaid hours due.

In opposition, plaintiff states that he has alleged in his proposed Amended Petition that he was a full-time employee who for several years was compensated by defendant based upon a salary and commissions. (Plaintiff's Amended Petition, ¶¶ 5, 7). Plaintiff states that he has also alleged that defendants failed and refused to pay his salary or commission for work done from March 20, 2013 through March 29, 2013. (Plaintiff's Amended Petition ¶¶ 9, 14). Plaintiff states that at this stage, his petition is only required to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

After reviewing plaintiff's proposed Amended Complaint, the Court finds no basis for granting defendant's Motion for a More Definite Statement. "When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading." Chapman v. Dallas Cnty. Cmty. Coll. Dist., No. 3:05-CV-1809, 2006 WL 3442057 at *4 (N.D.Tex. Nov. 29, 2006). In the instant case the Court does not find that there is a major ambiguity or omission in the Complaint that renders it unanswerable. Defendant is simply seeking more specific information regarding plaintiff's allegations, something which can be done through discovery or which plaintiff will soon provide through his initial disclosures. Therefore, the Court hereby **DENIES** defendant's Motion for a More Definite Statement (Doc. # 9).

Additionally, the Court finds that plaintiff has stated a claim for violation of the FLSA. In Spears v. Mid-America Waffles, Inc., No. 11-2273-CM, 2011 WL 6304126, (D.Kan., Dec. 16, 2011), the defendant also argued that the plaintiff's motion to amend

4

should be denied because the complaint failed to state a claim and amendment would be futile. In that case, defendants argued that plaintiffs should have identified "(1) the actual tips they received; (2) the actual hours worked; and (3) the actual workweeks in which plaintiffs were not paid minimum wage." Id. at *2. The Court however disagreed, stating,

> this court does not believe that Twombly requires the specificity that defendants desire. To require such detail would elevate the pleading burden of an FLSA plaintiff above the pleading burden of other plaintiffs. See McDonald v. Kellogg Co., No. 08-2473-JWL, 2009 WL 1125830, at *1 (D.Kan. Apr. 27, 2009). "[T]he requirements to state a claim of a FLSA violation are quite straightforward"; they require the plaintiff to show "a failure to pay overtime compensation and/or minimum wages to covered employees" – no more. Sec'y of Labor v. Labbe, 319 Fed. App'x 761,763 (11th Cir.2008). Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Id. at *2. This Court agrees and finds that the neither the Federal Rules nor the case law require the level of specificity which defendant is asking for. Plaintiff has adequately alleged a claim for violation of the FLSA in his proposed First Amended Petition. Thus, because the proposed amendment is not futile, plaintiff will be allowed to file his proposed First Amended Petition.

**B. Breach of Contract**

Defendant also moves for dismissal of plaintiff's breach of contract claim, alleging that plaintiff has failed to either attach or adequately describe the written contractual agreement and has also failed to plead the specific terms of the contract. Defendant states that it is unclear "how many, or what combination, of supposed contracts Plaintiff believes Pinnacle breached, what the specific terms of those contracts are, what documents comprise those contracts, how Pinnacle allegedly breached those contracts, and what Plaintiff is owed in damages." (Pinnacle's Reply Suggestions, p. 4). In opposition, plaintiff states that he has alleged that he was hired by defendant as a full-

time employee and that defendant agreed to compensate him for his employment and commissions from March 20, 2013 through March 29, 2013. Plaintiff alleges that he performed his duties during this time period and that defendant has not paid him. In Wingo v. State Farm Fire and Cas. Co., No. 13-3097, 2013 WL 5538776 (W.D.Mo. Oct. 8, 2013), the Court stated, "[i]n Missouri, in order to state a claim for breach of contract, the following elements must be plead: (1) the existence of a contract between the parties; (2) mutual obligations arising under its terms; (3) the party being sued failed to perform obligations imposed by the contract; and (4) the party seeking recovery was thereby damaged." Id. at * 2 (quoting Jackson v. Williams, Robinson, White & Rigler, P.C., 230 S.W.3d 345, 348 (Mo.App.2007)). In the instant case, plaintiff alleges in his proposed First Amended Complaint that his job duties for defendant included "selling contracts to clients for the purpose of placing physicians in open positions at health provider facilities and hospitals throughout the State of Missouri and elsewhere." (Proposed Amended Complaint ¶ 6). Plaintiff states that he "was paid a salary by Defendant, and also was entitled to commissions based upon an approved and agreed-upon fee/commission schedule, which was amended by Defendant from time to time." (Proposed Amended Complaint, ¶ 7). Plaintiff further alleges that on March 20, 2013, when he learned that the commission schedule was going to be decreased, he negotiated his resignation and as part of that resignation, defendant agreed to compensate him through March 29, 2013 and to continue to honor his commissions earned until they ran their course on a cash in basis. (Proposed Amended Complaint ¶ 8). Plaintiff states that he continued to perform his duties during the time period from March 20 through March 29. He also asserts that following his resignation, he learned that defendant was denying that certain commissions were due to him. Plaintiff also

alleges that he has made a demand for all sums due to him, but defendant has denied him the same. (Proposed Amended Complaint, ¶¶ 9-12). After reviewing plaintiff's proposed First Amended Complaint, the Court finds that plaintiff has sufficiently alleged facts which are adequate to state a claim for breach of contract. Accordingly, the Court hereby **DENIES** defendant's Motion for a More Definite Statement and Motion to Dismiss (Doc. # 9).

## IV. CONCLUSION

Accordingly, for the reasons stated herein, defendant's Motion for a More Definite Statement and Motion to Dismiss are hereby **DENIED** (Doc. # 9) and plaintiff's Motion for Leave to File a First Amended Petition is hereby **GRANTED** (Doc. # 18). Plaintiff shall file his First Amended Petition within five (5) days of the date of this Order.

Date: November 4, 2013  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge